GEORGE L. ELLIOTT AND CHARLES GERTRUDE ELLIOTT WILSON, EX-ECUTORS OF THE ESTATE OF ANNA S. ELLIOTT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36376.   Promulgated May 20, 1931.

*James B. Dodge, Esq.*, for the petitioners.
*Eugene Harpole, Esq.*, for the respondent.

OPINION.

TRAMMELL: The issue here is whether or not respondent erred in including in the gross estate the entire interest or full value of the property listed as jointly owned property in Schedule D–1 of the return. The petitioners, as executors of the decedent, reported as belonging to the estate only a one-half interest in the property and computed the tax on that basis. The deficiency results from the action of the respondent in including the entire value in the gross estate.

The father of these petitioners and husband of the decedent died in 1888, leaving certain real estate which passed to his widow and children, two of which children were then living. A posthumous child was born, and one of the children living at the date of the father's death subsequently died, leaving one of the latter children and the posthumous child surviving. The interest of the deceased child passed to the mother, and thus the two surviving children each became the owner of a one-fourth undivided interest in their father's realty.

In 1913 the surviving children executed a deed, set out in our findings of fact above, which purported to convey to the mother in fee simple all of their right, title and interest in and to the real estate described in said deed. On the same date the deed was executed by the petitioners the decedent made a will, which is also set out in our findings of fact above.

The petitioners contend that notwithstanding the deed was absolute and unconditional on its face and purported to convey the title to their interest in fee simple to the mother, it was the intention of the parties to transfer the property therein described to the mother as trustee for the use and benefit of the children.

The real property reported in the return in Schedule D–1 as jointly owned consisted of 20 parcels of real estate described in 20

separate items, and the one-half interest included in the taxable estate was appraised at $67,936.25. Of these 20 items only 8, the one-half interest in which was appraised at $33,906.25, were referred to in the deed. No contention is made, nor was any evidence offered to show, that the respondent erred in including in the gross estate any property other than that described in the said deed. Therefore, we must, in any event, approve the action of the respondent in including in the gross estate the one-half interest in items of Schedule D–1 numbered 6, 7, 8, 9, 10, 14, 15, 16, 17, 18, 19 and 20, of the appraised value of $34,030. Our subsequent discussion will be understood to refer only to the 8 items of Schedule D–1 which are embraced in the petitioners' deed of July 30, 1913.

To sustain their contentions, the petitioners offered in evidence a copy of the said deed and a copy of the decedent's will, and in addition each testified orally at the hearing. Charles Gertrude Elliott Wilson testified as follows:

Q. Did you, in conjunction with your brother George L. Elliott, on July 30, 1913, execute a special warranty deed conveying what interest you had in all realty to your mother Anna S. Elliott?

A. I did.

*     *     *     *     *     *     *

Q. Just state what agreements you had with your mother.

A. I was to be married and my mother objected to it very seriously and asked me if I would not deed my share back to her as sort of a protection and after considering it I said that if my brother would agree to the same and would cause her to become a trustee for our share that I would do it, and that is the transaction that took place.

Q. Was there any agreement that she should make her will?

A. That was the understanding.

George L. Elliott testified as follows:

Q. Mr. Elliott, what, if any agreement did you have with your mother in 1913 relative to your giving her a deed to your interest in property received from your father's estate?

*     *     *     *     *     *     *

A. The agreement was between my mother, my sister, and myself that my sister and myself should deed to my mother the interest we had in real estate, in the real estate acquired from the will of my father, and at that time in order to protect us she was to deed, or rather, will to us by a will the property back.

*     *     *     *     *     *     *

Q. Did you understand that real estate deeded to your mother, that she held it in trust for you too?

A. Yes.

It nowhere appears in the record whether the income from the property in question was, after execution of the deed and during the lifetime of the mother, paid over to the children, or what use and benefit, if any, they derived from the said property after it was

allegedly conveyed to the mother as trustee. Nor is any explanation given as to the purpose, nature and extent of the trust or in what manner the transfer constituted a trust. The inference seems to be justified from the record that the petitioners regarded the transaction as imposing a trust upon the mother in the sense that she was obligated by the agreement to devise the property to them in her will, that she was therefore bound to hold and preserve the property during her lifetime, in order that the same might be returned to them under her will at her death, and in consideration of her right to the use of the children's interest in the property during her lifetime, the mother agreed to devise to them by will her interest in the property also. In their brief the petitioners say:

And, in order to secure said heirs, Anna S. Elliott, this decedent, at the same time in which said deed was executed, drew her will bequeathing to said heirs not only the property held in trust by her to their use and benefit but also her interest in said property.

Even assuming that there was a trust, it was in any event an express trust and therefore void and of no effect because not in writing.

It was clearly not a resulting or constructive trust. The Supreme Court of Florida, in *Gale* v. *Harby*, 20 Fla. 171, defines a resulting trust as follows:

A purchase with trust funds is virtually a purchase paid for by the cestui que trust. Such a purchase is a trust by operation of law not within the statute of frauds, and the fund may be followed so long as its general character can be identified. Where the grantees admitted the trust, and that the purchase was made with trust funds, as well as that they held as trustees, the trust arises by operation of law based upon presumed intention of the parties, and is a resulting trust.

Such a situation is not presented in the instant case. Here, in substance, the contention of the petitioners is that the decedent agreed to devise her interest in the property to them so that they might become the owners of the whole interest at her death, in consideration of their conveyance of their one-half interest to her for her use during her lifetime. If she consented, however, to take the property for the use and benefit of the children, as they now allege, it was a trust expressly created by such agreement, and unless in writing comes within the statute of frauds, and is void. An express trust in reality not only can not be proved by parol, but is absolutely void. Section 3791, Revised General Statutes of Florida; *Reid* v. *Barry* (Fla.), 112 So. 846, 853. Since under the Florida law the trust, if any, was void, it is a rule of property and not of evidence and is governed by the Florida law.

It follows that the parol evidence of the petitioners must be disregarded, and their whole case fails. However, if we are in error

in taking this view, further consideration of the record leads to the same result.

According to the contentions of the petitioners, above indicated, the decedent took, under the deed of July 30, 1913, in effect only a life interest in the property, or else she took as trustee for the use and benefit of the grantors. In either event, she acquired no alienable title, but was bound by her contract to preserve and hold the estate for the remaindermen, or to administer it for the benefit of the beneficiaries. Yet, it is shown by the deed that the mother acquired in 1913 the interest of the children in and to Lots 21, 23 and 24, Riverside, Jacksonville, but after her death in 1926, these lots were not reported in the estate-tax return. It must be assumed, therefore, that she sold or otherwise disposed of this property at some time during the period from 1913 to 1926, and it is not shown that she conveyed the same to the petitioners. These facts are wholly inconsistent with and tend to impeach the testimony of the petitioners. On the other hand, the facts strongly tend to support the conclusion that the deed in question vested a fee simple title in decedent, as it purports on its face to have done.

The petitioners also lay much stress on the fact that the decedent agreed to and did, concurrently with the execution of the deed, make her will by which she devised to them the entire interest in the property in question. However, an examination of the will completely refutes this contention also. In that instrument, the decedent first provided for the payment of her just debts and funeral expenses, and then, after making bequests to her brother and two sisters, stated:

3. I give, devise and bequeath to my son, George L. Elliott, of Jacksonville, Florida, and to my daughter, Charles Gertrude Elliott, of the City of Jacksonville, Florida, share and share alike, all of the rest and residue of my property, real, personal and mixed, of which I may die seized and possessed, whether now or hereafter acquired by me.

Thus it appears that the decedent did not devise to the petitioners by her will, specifically and absolutely, the property conveyed to her by them in 1913, but that they could claim same under the provisions of the will only in the event that the said property after payment of debts, funeral expenses and specific bequests, remained as a part of the " rest and residue " of the decedent's estate. We do not think, therefore, that the evidence establishes the fact that the deed conveyed only a life estate.

The petitioners are claiming under the will, which, in so far as the property here involved is concerned, rests upon the validity of the deed as conveying title. If the deed was not effective as conveying title as it purports on its face, then there is no basis of title to

be conveyed by will. The rule is well established that one can not attack the title under which he claims ownership. Upon no theory or principle do we think the petitioners, under the facts of this case, have succeeded in showing that the action of the respondent in including this property in the gross estate of the decedent was in error.

The respondent's determination is approved.

*Judgment will be entered for the respondent.*